CLD-301                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1589
_____

JUNIUS P. LEISURE,
Appellant

v.

LANCASTER COUNTY PRISON; DIRECTOR OF NURSING;
PRIMECARE, (Healthcare Provider) et al; NURSE A; NURSE B
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:17-cv-04603)
District Judge: Honorable Joseph F. Leeson, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 30, 2018
Before:  CHAGARES, GREENAWAY, JR. and FUENTES, Circuit Judges

(Opinion filed:  September 18, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Junius Leisure appeals from the District Court's order dismissing his complaint brought pursuant to 42 U.S.C. § 1983. For the reasons detailed below, we will summarily affirm.

I.

Leisure, who is proceeding pro se, filed this civil action alleging a federal claim of deliberate indifference and a state-law claim of medical negligence.[1] According to Leisure, he suffers from recurring ear wax build-up, which requires him to clean his ears periodically. Leisure alleged that, while incarcerated at the Lancaster County Prison, two nurses (Nurse A and Nurse B) performed the procedure incorrectly. Leisure claims that the nurses skipped the ear wax loosening part of the procedure, and Nurse A (whom he believes was performing the procedure for the first time) plunged scalding hot water into his ear with a syringe, causing him to vomit and experience pain. When Nurse B came back into the room, Leisure complained that the water was too hot, and Nurse B cleaned his ear with cold water. The nurses gave Leisure ear drops and scheduled him a follow-up appointment. Not long after this occurred, Leisure was transferred to a different prison. During a routine examination at the new prison, an audiologist informed Leisure that he had some hearing loss.

---

[1] Leisure also filed two supplemental pleadings. Considering the supplements, the District Court noted that it appeared that Leisure had abandoned his § 1983 claim and sought to proceed only with the medical negligence claim. Leisure asserts that the District Court was wrong because he sought to pursue both. It does not matter, however, because the District Court still evaluated Leisure's deliberate indifference claim while adjudicating the defendant's motion to dismiss.

Attributing his hearing loss to the procedure performed by the nurses, Leisure filed this suit against the nurses, the Director of Nursing of the prison, Primecare Medical, Inc., and the prison. At screening, the District Court dismissed the prison as a defendant after holding that a prison is not a "person" subject to suit under federal civil rights laws. Primecare Medical then filed a motion to dismiss the claims against the remaining defendants pursuant to Federal Rule of Civil Procedure 12(b)(6), which the District Court granted, in part. The District Court concluded that Leisure's allegations did not state an Eighth Amendment claim against Primecare Medical or any of the defendants, and held that amendment would be futile.[2] The District Court also declined to exercise supplemental jurisdiction over Leisure's state-law medical negligence claim. Leisure appeals and requests the appointment of counsel.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over dismissals under § 1915(e)(2)(B)(ii) and Rule 12(b)(6). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (dismissals under § 1915); Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010) (dismissals under Rule 12(b)(6)). To state a legally sufficient claim for relief, a plaintiff need only plead enough factual content, taken as true, to support "the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We may

---

[2] The District Court dismissed the federal claim against the nurses and the Director of Nursing (who had not been served and who were not parties to Primecare Medical, Inc.'s motion) pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3

summarily affirm the District Court's ruling if there is no substantial question presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

III.

Upon review, we will summarily affirm the District Court's judgment. The District Court properly dismissed Leisure's Eighth Amendment claim. Through its prohibition of cruel and unusual punishment, the Eighth Amendment forbids the imposition of "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 32 (1993). To succeed on an Eighth Amendment medical care claim, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (quoting Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)).

According to Leisure, before being incarcerated, he cleaned his ears himself by purchasing the necessary supplies at a drug store. Therefore, it is unclear whether his recurring ear wax build-up presented a serious medical need. See Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (explaining that a serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention"). However, even if it did, Leisure has failed to allege that the defendants acted with deliberate indifference. Deliberate indifference can occur when prison officials "intentionally deny[] or delay[] access to medical care or interfer[e] with

4

the treatment once prescribed." Pearson, 850 F.3d at 534 (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)) (internal quotation marks omitted). "In order to succeed in an action claiming inadequate medical treatment, a prisoner must show more than negligence." Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993) (citing Estelle, 429 U.S. at 104-06).

Here, if the nurses deviated from professional standards of care, the deviation did not amount to deliberate indifference. See Pearson, 850 F.3d at 541 (concluding that the nurse violated the Eighth Amendment because not only did he deviate from professional standards of care, but he also had "non-medical motive[s]" for such conduct and repeatedly ignored the plaintiff's treatment requests). Based on Leisure's own allegations, the nurses promptly evaluated Leisure, performed a procedure to clean his ears, and scheduled him a follow-up appointment. While Leisure argues that the nurses incorrectly performed the procedure – which he believes caused him hearing loss – his claims amount to, at most, negligence, which is not sufficient to make out an Eighth Amendment claim. See Durmer, 991 F.2d at 67; see also Monmouth Cty. Corr. Institutional Inmates, 834 F.2d at 346 ("[M]ere allegations of [medical] malpractice do not raise issues of constitutional import."). In sum, by Leisure's account, the nurses did not act with the "obduracy and wantonness" necessary to sustain an Eighth Amendment violation. See Whitley v. Albers, 475 U.S. 312, 319 (1986).[3]

---

[3] Because we find no constitutional violation, it follows that any possible supervisory liability claim cannot stand. See Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014), rev'd on other grounds, Taylor v. Barkes, 135 S. Ct. 2042 (2015) (per curiam). Moreover, Leisure cannot satisfy any plausible claim under Monell v. New

As we conclude that the District Court properly dismissed the federal claim, we perceive no abuse of discretion in the District Court's decision to decline to exercise supplemental jurisdiction on the state-law medical negligence claim. See 28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel, Inc., 188 F.3d 172, 181 (3d Cir. 1999). Finally, the District Court did not err in ruling that any amendment to Leisure's complaint would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

IV.

For the above reasons, we will affirm the District Court's judgment.[4]

---

York City Department of Social Services, 436 U.S. 658 (1978). Id. at 694-95 (explaining that § 1983 liability requires the action to be based on the "execution of a government's policy or custom" that actually results in a constitutional violation); see also Mulholland v. Gov't Cty. of Berks, 706 F.3d 227, 238 n.15 (3d Cir. 2013).

[4] We deny Leisure's motion for appointment of counsel.